UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA             :
                                     :
                                     :   **INDICTMENT**
        - v. -                       :
                                     :   22 Cr.
                                     :
UWEMEDIMO UMOREN,                    :
                                     :
                Defendant.           :   **22 CRIM 193**
                                     :
- - - - - - - - - - - - - - - - - - x

### COUNT ONE

(Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

### BACKGROUND

1.   At all times relevant to this Indictment, UWEMEDIMO UMOREN, the defendant, and others known and unknown, were members of a criminal enterprise (the "Enterprise") based in West Africa that committed a series of frauds against individuals and businesses located across the United States, including in the Southern District of New York. The frauds perpetrated by the Enterprise have consisted of various scams, including business email compromise fraud schemes, investment scams, and romance scams. The objective of the Enterprise's fraud scheme was to trick and deceive victims into transferring funds to accounts controlled by the Enterprise.

## MEANS AND METHODS OF THE CONSPIRACY

2. The Enterprise conducted the business email compromise scheme by creating email accounts with slight variations of email accounts used by employees of a victim company, or third parties engaged in business with a company, to "spoof" or impersonate those employees or third parties. These fake email accounts were specifically designed to trick other victims into thinking the fake email accounts were authentic. The fake email accounts were then used to send instructions to wire or otherwise transfer money to certain bank accounts. By utilizing this method of deception, members of the Enterprise sought to trick the victims into transferring hundreds of thousands of dollars to bank accounts the victims believed were under the control of legitimate recipients of the funds as part of normal business operations, when in fact the bank accounts were under the control of members of the Enterprise, including the defendant.

3. The Enterprise conducted the investment scams by contacting victims by phone and email regarding purported investment opportunities that the members of the Enterprise said could generate millions of dollars in returns. The Enterprise directed victims to deposit money into various bank accounts and provided account details. The members of the Enterprise also introduced the victims to other individuals purporting to be,

for example, lawyers or investors, who then used false pretenses to cause the victims to wire money to bank accounts controlled by members of the Enterprise.  By utilizing these methods of deception, members of the Enterprise sought to trick the victims into transferring hundreds of thousands of dollars to bank accounts the victims believed were under the control of legitimate investors, when in fact the bank accounts were under the control of members of the Enterprise, including the defendant.

   4. The Enterprise conducted the romance scams by using electronic messages sent via email, text messaging, or online dating websites that deceived the victims, many of whom were vulnerable, older men and women who lived alone, into believing the victim was in a romantic relationship with a fake identity assumed by members of the Enterprise.  Once members of the Enterprise had gained the trust of the victims using the fake identity, they used false pretenses to cause the victims to wire money to bank accounts the victims believed were controlled by their romantic interests, when in fact the bank accounts were controlled by members of the Enterprise, including the defendant.  The members of the Enterprise, posing as the romantic interest of the victims, also introduced the victims to other individuals purporting to be, for example, diplomats or interior decorators, who then used false pretenses to cause the

victims to transfer money to bank accounts controlled by members of the Enterprise.

5. From in or about 2016 through at least in or about December 2021, UWEMEDIMO UMOREN, the defendant, received fraud proceeds from victims of the Enterprise in at least 15 business bank accounts that he controlled in Georgia. The business bank accounts were opened in the name of companies formed by the defendant. One company, Ufmens, Inc., was purportedly involved in, among other things, the sale of automobiles and automobile parts. Another company, Snem LLC, was purportedly involved in health care and social assistance.

6. Once UWEMEDIMO UMOREN, the defendant, received fraud proceeds in bank accounts under his control, he withdrew, transported, and laundered those fraud proceeds to other members of the Enterprise in the U.S. and abroad. The defendant laundered the fraud proceeds through his businesses by, among other things, using the proceeds to purchase automobiles and automobile parts from U.S.-based suppliers and distributors of such products and shipping those products to Nigeria and elsewhere. The defendant's transactions had the appearance of legitimate business transactions when, in fact, the products had been purchased using the proceeds of fraud schemes. This trade-based money laundering scheme was designed to obscure the origin

of the fraud proceeds as well as the identity of the ultimate beneficiaries of these schemes.

7.   From in or about 2016 through at least in or about December 2021, UWEMEDIMO UMOREN, the defendant, controlled at least 15 bank accounts that received deposits totaling over approximately $8 million during that time period.  The vast majority of the deposits consisted of large wire transfers and check or cash deposits from various U.S.-based individuals and entities that were victims of fraud schemes of the Enterprise, or payments for vehicles and other goods sold by the defendant that were purchased using fraud proceeds.

## STATUTORY ALLEGATIONS

8.   From in or about 2016 through at least in or about December 2021, in the Southern District of New York and elsewhere, UWEMEDIMO UMOREN, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

9.   It was a part and an object of the conspiracy that UWEMEDIMO UMOREN, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses,

representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, UMOREN engaged in a scheme to receive interstate wire transfers and cash deposits from victims of fraud schemes located in New York, New York and elsewhere via bank accounts controlled by the defendant and other members of the conspiracy.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

### (Conspiracy to Receive Stolen Money)

The Grand Jury further charges:

10. The allegations contained in paragraphs 1 through 7 of this Indictment are repeated and realleged as if fully set forth herein.

11. From in or about 2016 through at least in or about December 2021, in the Southern District of New York and elsewhere, UWEMEDIMO UMOREN, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, a violation of Title 18, United States Code, Section 2315.

12.   It was a part and object of the conspiracy that UWEMEDIMO UMOREN, the defendant, and others known and unknown, would and did receive, possess, conceal, store, barter, sell, and dispose of goods, wares, merchandise, securities, and money, of the value of $5,000 and more, which had crossed a state and United States boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United States Code, Section 2315.

OVERT ACT

13.   In furtherance of said conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

   a.   On or about April 11, 2016, UWEMEDIMO UMOREN, the defendant, received a $5,000 teller transfer from an investment scam victim that was sent from a bank located in New York, New York into a business bank account that UMOREN controlled in Georgia.

(Title 18, United States Code, Section 371.)

## COUNT THREE

### (Money Laundering Conspiracy)

The Grand Jury further charges:

14.  The allegations contained in paragraphs 1 through 7 of this Indictment are repeated and realleged as if fully set forth herein.

15.  From in or about 2016 through at least in or about December 2021, in the Southern District of New York and elsewhere, UWEMEDIMO UMOREN, the defendant, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

16.  It was a part and object of the conspiracy that UWEMEDIMO UMOREN, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, the wire fraud scheme charged in Count One of this Indictment, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of

8

the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

17. As the result of committing the wire fraud and stolen property offenses charged in Counts One and Two of this Indictment, UWEMEDIMO UMOREN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and the following specific property:

    a. Any and all funds in account number 1000288387250 in the name of Snem LLC at Truist Financial Corporation (f/k/a SunTrust Bank), and any and all funds traceable thereto (the "Specific Property").

18. As a result of committing the money laundering offense alleged in Count Three of this Indictment, UWEMEDIMO UMOREN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, and any property

9

traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and the Specific Property described in paragraph 17 above.

## Substitute Assets Provision

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the forfeitable property described above.

> (Title 18, United States Code, Sections 981 and 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

UWEMEDIMO UMOREN,

Defendant.

---

INDICTMENT

22 Cr.

(18 U.S.C. §§ 371, 1349, 1956(h))

DAMIAN WILLIAMS
United States Attorney

*Brian Canwell*
Foreperson

---

NE
3/29/22

Indictment filed

Case assigned to
Judge Marrero

wheel A

Sarah L. Cave
U.S.M.J